TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00338-CV







Tom Staley and Martha Staley, Appellants



v.



City of Meadowlakes, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 17,649, HONORABLE DONALD V. HAMMOND, JUDGE PRESIDING









DISSENTING OPINION







 I respectfully dissent.

 This lawsuit arose out of a dispute between the parties over City Ordinance No.
86-8-23, Section 25, which states in part: "No fence shall be more than six (6) feet in height and
any fence abutting the golf course cannot be more than four (4) feet in height." (Emphasis
added.) When the City of Meadowlakes and the Meadowlakes Property Owners Association
building committee limited the Staleys' fence to four feet in height on the side of their property
facing the golf course, and subsequently denied their request for a height variance, the Staleys
built the fence around their house to a height of six feet, but did not finish the top two feet of the
fence on the golf course side. The Staleys then brought this suit against the City and the Property
Owners Association, later dismissing the Association. The Staleys' Original Petition stated in
pertinent part:


Specifically, plaintiffs request the court to order that Plaintiffs have complied with
all the applicable ordinances regarding the construction of a fence, and that because
of the City's inaction on their request for a variance, that Plaintiffs are entitled to
a building permit authorizing them to build a fence to a height of six feet on the
golf course.



Construing the Staleys' pleadings liberally, as we are required to do, I believe the quoted language 
can reasonably be read to assert two separate grounds for relief: (1) compliance by the Staleys
with all applicable ordinances, and (2) estoppel against the City. Nonetheless, the City's motion
for summary judgment did not address the Staleys' request for a declaration that they had
complied with "all the applicable ordinances." In their response to the City's motion for summary
judgment, the Staleys each submitted an affidavit stating: "[T]he fence is completely on our
property, and does not abut the golf course." The City objected to this summary judgment
evidence on the grounds that it stated a legal conclusion, that the Staleys were interested
witnesses, and that there were no pleadings to support the evidence. The trial court sustained the
objection without stating a specific reason. On appeal, the Staleys complain that the trial court
erred in sustaining the City's objection on the first two grounds, but do not complain about the
"no pleadings" ground. Accordingly, I agree that we cannot say the trial court abused its
discretion in sustaining the City's objection.

 Nor are the Staleys entitled to a reversal on the basis that the trial court granted
summary judgment on a ground of recovery not mentioned in the summary judgment motion,
because, as the majority correctly notes, they have not challenged the judgment on that basis.

 Be all that as it may, that does not change the fact that the Staleys did in fact plead
a cause of action for a declaration that they had complied with all applicable ordinances, nor does
it change the fact that the City's motion for summary judgment did not attack that cause of action. 
In a no-evidence motion for summary judgment, the motion must state the elements "as to which
there is no evidence." Tex. R. Civ. P. 166a(i). Accordingly, even if the City's motion was a no-evidence motion as to the Staleys' other causes of action, it could not have been a no-evidence
motion as to the cause of action seeking a declaration of compliance with all ordinances. As to
that cause of action, therefore, we are required to treat the City's motion as a traditional motion
for summary judgment in which the City, as movant, bore the burden to show that there were no
genuine issues of material fact and that it was entitled to judgment as a matter of law. See Tex.
R. Civ. P. 166a(c).

 Under the standards for a traditional summary judgment, even if the Staleys'
affidavits are not considered, the City did not conclusively prove that the Staleys' fence "abutted"
the Meadowlakes golf course. The record does not contain conclusive evidence of the precise
location of the fence in relation to the boundary line between the golf course and the Staleys'
property. For all we know, the fence--as built--may be five feet off the golf course property line. 
Or ten feet. Or twenty-five feet. The point is that even if we stretch the meaning of "abutting"
to allow a narrow strip of land to come between the fence and the golf course, (1) we simply do not
know from this record where the fence was built vis-a-vis the property line. Had this appeal been
after a full trial, so that all reasonable inferences were required to run in favor of the judgment,
I might be persuaded to join the majority. But it is not. It is an appeal from a summary
judgment, where all inferences--both in the trial court and in the appellate court--run in favor of the
nonmovant and all doubts are resolved in the nonmovant's favor.

 Moreover, as the majority points out, the parties used several terms in describing
the general location of the fence: "adjacent," "adjoining," "facing," "along," "on," "abutting,"
"bordering," etc. While the term used in the ordinance--"abutting"--is consistently defined to mean
"touching," the other terms used by the parties are not limited to that meaning. Such
inconsistencies raise all the more doubt about exactly where the fence lies, doubt which must, for
summary judgment purposes, be resolved in the Staleys' favor. Because the City failed to prove
conclusively that the Staleys' fence abutted the golf course, the City did not meet its summary
judgment burden as to the Staleys' cause of action seeking a declaration that they had complied
with the relevant ordinance. I would reverse the summary judgment and remand the cause to the
trial court for further proceedings.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Filed: July 27, 2000

Do Not Publish
1. Arguably a de minimus exception to the literal definition of "abut" may exist, so that
a fence erected, for example, within inches of the property line might be deemed to "abut" the
property line even though it does not technically touch it. From the evidence presented in this
case, however, we do not know how far off the property line the fence stands; accordingly, we
do not know whether the distance between the fence and the property line could, as a matter of
law, fall within any possible de minimus exception.



y's objection on the first two grounds, but do not complain about the
"no pleadings" ground. Accordingly, I agree that we cannot say the trial court abused its
discretion in sustaining the City's objection.

 Nor are the Staleys entitled to a reversal on the basis that the trial court granted
summary judgment on a ground of recovery not ment